# IN THE COURT OF APPEALS OF IOWA

No. 17-0306
Filed September 13, 2017

**DAVID MYERS,**
        Plaintiff-Appellant,

**vs.**

**R.R. DONNELLY & SONS COMPANY and
NEW HAMPSHIRE INSURANCE COMPANY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.


        An employee appeals the district court's decision affirming the ruling of the

workers' compensation commissioner finding his request for benefits was

untimely.  **AFFIRMED.**


        Robert R. Rush and Christoph P. Rupprecht of Rush & Nicholson, P.L.C.,

Cedar Rapids, for appellant.

        Timothy W. Wegman and Joseph M. Barron of Peddicord Wharton, L.L.P.,

West Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

David Myers appeals the district court's decision affirming the ruling of the workers' compensation commissioner finding his request for benefits was untimely. We find there is substantial evidence in the record to support the commissioner's determination Myers did not file a petition with the commissioner within two years after the discovery date of his cumulative back injury. We affirm the decision of the district court and the commissioner.

## I.     Background Facts & Proceedings

Myers became employed by R.R. Donnelly & Sons Co. in 1984. He was employed as a press operator until 2011, when he was moved to packing and handling because he could no longer perform the duties of a press operator. Myers developed back pain and sought medical treatment for his condition beginning in at least 1999. He had temporary work restrictions on and off from 2003. Myers testified he knew by 2009 his work was aggravating his back. Myers was unable to work for extended periods of time and received both long-term and short-term disability benefits from the employer. On November 20, 2012, Myers received permanent restrictions of no lifting more than forty pounds and no repetitive bending, lifting, and twisting. He was terminated from his employment because the employer could not accommodate his work restrictions.

On April 2, 2013, Myers filed a claim for workers' compensation benefits, claiming he had a cumulative back injury. The employer asserted Myers's claim was untimely under Iowa Code section 85.26(1) (2013), which requires a claim to be "commenced within two years from the date of the occurrence of the injury for which benefits are claimed."

An administrative hearing was held on June 16, 2014. A deputy workers' compensation commissioner determined Myers's injury date was February 25, 2009, when Dr. Randy Shelerud diagnosed Myers with "disabling mechanical back and bilateral buttock pain," and referred him for surgical consultation. Myers was placed on work restrictions for six months at that time. The deputy found the manifestation date for his injury was March 3, 2011, when Dr. Jeffrey Nasstrom, his family physician, noted Myers had been developing increasing back pain and Myers stated his work was intolerable. The deputy concluded Myers knew the nature, seriousness, and probable compensable character of his injury no later than March 3, 2011. Because Myers's claim was filed more than two years after this date, the deputy concluded the claim was untimely under section 85.26(1).

Myers appealed to the workers' compensation commissioner. The commissioner agreed Myers's injury date was February 25, 2009. The commissioner determined the applicable date under the discovery rule was February 21, 2011, when Dr. Nasstrom evaluated Myers, resulting in a letter stating, "Unfortunately, he has been developing increasing back pain with radicular symptoms. He notes it has been increasingly intolerable to work at this time." The commissioner also noted Myers had received extensive medical treatment for his back from 2006 through February 2011 and he had received substantial amounts of short-term disability benefits in 2009. The commissioner concluded Myers's claim was untimely and he was not entitled to workers' compensation benefits.

Myers filed a petition for judicial review. The district court found:

The record in this case supports that Myers has had issues with his back since as early as 1999; has had extensive medical treatment for his back; and has had numerous periods off work and on short term disability due to his back condition. There is substantial evidence in this record that Myers knew or should have known the seriousness of his condition at least by February 21, 2011. In addition, there is substantial evidence to support the Commissioner's conclusion that Myers should have known the compensable nature of his injury by that date as well. It is clear from the record that Myers's back condition was worsened by his employment as evidenced by the restrictions placed on him over the years as well as his own testimony that his employer knew he was off because of his back "and they [Donnelley] knew that my tasks at work aggravated my back." The time period referenced in this question was 2009, 2010, or 2011 based upon the prior several questions. Thus, Myers knew or should have known the nature, seriousness and probable compensable character of his injury or condition at least by February 21, 2011.

The district court affirmed the commissioner's ruling Myers's claim was barred by the statute of limitations in section 85.26(1). Myers now appeals the decision of the district court.

## II. Standard of Review

We review the commissioner's legal findings for the correction of errors at law. *IBP, Inc. v. Burress*, 779 N.W.2d 210, 213 (Iowa 2010). We are bound by the commissioner's findings of fact so long as those findings are supported by substantial evidence. *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 333 (Iowa 2016). "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "[T]he commissioner as the fact finder has the responsibility for determining credibility of witnesses, and we are bound by the

commissioner's findings if supported by substantial evidence." *Sherman v. Pella Corp.*, 576 N.W.2d 312, 320 (Iowa 1998).

### III. Merits

Myers states the district court erred by affirming the commissioner's decision finding his claim was barred by the statute of limitations. He claims there is not substantial evidence in the record to support a finding he knew or should have been of the nature, seriousness, and probable compensable character of his injury by February 21, 2011. Myers states the evidence does not show he knew by that date his back condition was serious enough to have a permanent adverse impact on his employment and was probably compensable as a work injury.

If an employee is not receiving weekly compensation benefits, there is a two-year limitations period for filing a workers' compensation claim. *Baker v. Bridgestone/Firestone*, 872 N.W.2d 672, 676 (Iowa 2012) (citing Iowa Code § 85.26(1)).

The manifestation date for an injury is "the date on which both the fact of the injury and the causal relationship of the injury to the claimant's employment would have become plainly apparent to a reasonable person." *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 829 (Iowa 1992) (citation omitted). "[T]he Commissioner's determination regarding the date on which the injury manifests itself, so long as supported by substantial evidence as is required by Iowa Code section 17A.19(8)(f), will not be disturbed on appeal." *Id.* at 830.

In applying the discovery rule to a cumulative injury, the Iowa Supreme Court has stated:

To summarize, a cumulative injury is manifested when the claimant, as a reasonable person, would be plainly aware (1) that he or she suffers from a condition or injury, and (2) that this condition or injury was caused by the claimant's employment. Upon the occurrence of these two circumstances, the injury is deemed to have occurred. Nonetheless, by virtue of the discovery rule, the statute of limitations will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability, i.e., the claimant knows or should know the "nature, seriousness, and probable compensable character" of his injury or condition.

*Herrera v. IBP, Inc.*, 633 N.W.2d 284, 288 (Iowa 2001).

Under the discovery rule, "That limitation period does not begin to run until the claimant knows or in the exercise of reasonable diligence should know 'the nature, seriousness[,] and probable compensable character' of his or her injury." *Baker*, 872 N.W.2d at 685 (citation omitted). A claimant's knowledge of the three triggering factors may be actual or imputed from the record. *Larson Mfg. Co., Inc. v. Thorson*, 763 N.W.2d 842, 854 (Iowa 2009).

Myers does not dispute he knew the nature of his injury by February 21, 2011. He claims he did not understand the serious nature of his injury by that date. "This 'seriousness' component of inquiry notice . . . is not triggered by 'every minor ache, pain, or symptom.'" *Perkins v. HEA of Iowa, Inc.*, 651 N.W.2d 40, 46 (Iowa 2002) (citations omitted). On February 25, 2009, Dr. Shelerud diagnosed Myers with "chronic and disabling mechanical back, bilateral buttock pain." Dr. Shelerud referred Myers for back surgery at the Mayo Clinic, but Dr. Bradford Currier, an orthopedic surgeon, determined surgery was not needed at that time. On February 10, 2011, Myers was placed on restrictions for six months. Furthermore, based on an evaluation on February 21, 2011,

Dr. Nasstrom noted Myers had been developing increasing back pain and found work to be intolerable. We conclude there is substantial evidence in the record to show Myers knew or should have known his condition was serious by February 21, 2011.

Myers also claims there is not substantial evidence in the record to show he knew the probable compensable character of his injury by February 21, 2011. He states he did not realize his condition was related to his employment until September 14, 2012, when he was informed by Dr. Nasstrom his job was contributing to his back pain. During the agency hearing, Myers testified:

> Q: And was it your understanding in your mind though that you felt the back problems during that timeframe was related to the work activities at R.R. Donnelly? A: Yeah, they could directly relate them to that on the activities I did.
> Q: And that would have been 2009, 2010, 2011 when you're working on the press – A.: Yes.
> Q: – during that time frame?

Myers's testimony shows he was aware during the timeframe of 2009 to 2011 his back problems were related to his employment. In addition, the commissioner noted Myers received work restrictions and was taken off of work for extensive periods of time, which led to the conclusion Myers knew his work was causing significant back problems. We determine there is substantial evidence in the record to show Myers knew of the compensable character of his injury by February 21, 2011.

We conclude the commissioner's finding the statute of limitations began to run on February 21, 2011, is supported by substantial evidence. Myers knew the nature, seriousness, and compensable character of his injury by that date. Myers filed his claim for workers' compensation benefits on April 2, 2013, more

than two years later. The commissioner properly determined Myers's claim was barred by the two-year statute of limitations in section 85.26(1). The commissioner's decision was not illogical, irrational, or wholly unjustifiable. *See* Iowa Code § 17A.19(10)(m). We affirm the decision of the district court and the workers' compensation commissioner.

**AFFIRMED.**